UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN, <br><br> Plaintiff, <br><br> v. <br><br> PEDRO L. CHANG, et al., <br><br> Defendants. | Civil Action No. 3:18-cv-718-CHB <br><br> **MEMORANDUM OPINION AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Plaintiff Foremost Insurance Company Grand Rapids, Michigan's Motion for Summary Judgment [R. 30]. Defendant Pedro Chang filed a Response [R. 31], and Plaintiff filed a Reply [R. 32]. The Motion is ripe for review. For the reasons stated below, the Court will grant Plaintiff's Motion for Summary Judgment.

## I.    Background

In December 2013 Defendant Stephanie Chamberlain crashed her car into a vehicle driven by Defendant Pedro Chang. Chamberlain was intoxicated, and Chang sustained severe injuries. [R. 30-1, p. 2; R. 1-1, ¶¶ 5–8] Chamberlain did not have auto insurance. [R. 30-1, p. 1; R. 31, p. 3] She did, however, maintain homeowners insurance through Plaintiff Foremost Insurance Company Grand Rapids, Michigan ("Foremost"). [R. 1, ¶ 18; R. 18, ¶ 1] Chang sued Chamberlain in state court for negligence and negligence *per se* (the "Underlying Claims"). [R. 1-1, ¶¶ 9–12] He also sued the bar that supplied her with alcohol, Ferncreek Creek'ers, LLC, and Matthew Thompson, its sole member, under Kentucky's Dram Shop Act, KRS § 413.241. *Id.*, ¶¶ 13–15. Chang obtained a default judgment against Thompson and Ferncreek Creek'ers, LLC [R. 30-3], and reached a settlement with Chamberlain. [R. 30-4] As part of the settlement,

1

Chamberlain agreed to help Chang enforce any potential third party rights against her insurer, Foremost. [R. 30-1, p. 2; R. 1-3, p. 1; R. 30-4]

Based on that settlement, Chamberlain submitted a claim to Foremost under her homeowners policy, Kentucky Personal Homeowners Policy, Policy No. H00 0044734 02 (the "Homeowners Policy" or "Policy"), which Foremost denied. [R. 1, ¶ 16; R. 18, ¶ 6; R. 30-5] Foremost brought this action seeking a declaratory judgment that it has no duty to defend or indemnify Chamberlain under the Homeowner's Policy and no duty to contribute to any settlement between Chang and Chamberlain or judgment for Chang. [R. 1, ¶ 2][1] After Foremost sued for declaratory judgment, Chang brought another suit in state court, this time against Foremost, for breach of contract (alleging that Foremost was liable to him as a third party beneficiary under Chamberlain's Homeowners Policy) and for tortious breach of good faith and negligent infliction of emotional distress (the "Derivative Claims"). [R. 30-6] Foremost removed the state action to this Court, and the Court denied Chang's motion to remand. *Chang v. Foremost Ins. Co.*, No. 3:19-cv-218-CHB (W.D. Ky. Apr. 8, 2020), ECF No. 1, ECF No. 8. That action, *Chang v. Foremost Insurance Co.*, No. 3:19-cv-218-CHB (the "Related Case"), was administratively dismissed and consolidated with the current action on April 8, 2020. *Id.*, ECF No. 25.[2]

---

[1] In addition to Chamberlain and Chang, Foremost also named as defendants Ferncreek Creek'ers, LLC and Matthew P. Thompson. [R. 1] Thompson was served [R. 6], but never appeared or filed a response to the current Motion. Ferncreek Creek'ers, LLC was never served and accordingly is not before the Court. [R. 20] Chamberlain filed an Answer, [R. 12], but filed no response to the current Motion.

[2] This Court had diversity jurisdiction in the Related Case, *Id.*, ECF No. 8, and that matter was consolidated into this declaratory judgment action. [R. 25] Though not addressed by either party, typically the Court would consider the threshold issue of whether to exercise jurisdiction over this matter arising under the Declaratory Judgment Act. *See Nationwide Mut. Fire Ins. Co. v. Willenbrink*, 924 F.2d 104, 105 (6th Cir. 1991). In any event, even considering the relevant factors for exercising jurisdiction under the Declaratory Judgment Act, the Court finds jurisdiction is appropriate. *See Grand Trunk W. R.R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984) (listing the relevant factors). A declaration of "no coverage" would settle the dispute between the parties and serve a useful purpose, meeting the first two factors. *See id.* There is no allegation or suspicion of "procedural fencing" or a "race for res judicata." *See id.* Although there is a potential of increased friction between the federal and state courts by

Foremost's Motion presents four arguments for why summary judgment is appropriate. [R. 30-1, pp. 4–18] First, Foremost argues the Homeowners Policy's clear and unambiguous motor vehicle liability exclusion precludes coverage under the Policy for the Underlying Claims and Derivative Claims, as Kentucky courts have enforced similar motor vehicle exclusions contained within homeowners insurance policies in factually analogous cases. [R. 30-1, pp. 5–8, 11–13] Second, failure to procure insurance does not constitute an accident or "occurrence" resulting in bodily injury and triggering coverage under the Policy. *Id.* at 10–11. Third, Chamberlain voided coverage under the Policy for the car crash by entering into the earlier settlement with Chang without notifying Foremost. *Id.* at 13–15. Finally, Chamberlain voided coverage by failing to notify Foremost of the crash within a timely period, as she waited over four years to notify Foremost of the accident. *Id.* at 16–18. On Chang's tortious liability claim against Foremost, Foremost argues that it cannot be liable in tort when it has no contractual duty of coverage under the Homeowners Policy. [R. 30-1, p. 18]

Chang argues that Foremost is liable because the Homeowners Policy covered damages stemming from Chamberlain's negligence, and Chamberlain was negligent in failing to maintain auto insurance (as required by law). [R. 31, pp. 3–6] Chang also argues that Foremost is liable for tortious breach of good faith and negligent infliction of emotional distress. [R. 30-6, ¶¶ 41–54; R. 31, p. 8]

## II.     Legal Standard

---

exercising jurisdiction, this factor does not weigh heavily under the facts of this case, given that the issues presented are straightforward and there is no pending state court matter (since the original state court action against Chamberlain and the other defendants has concluded). Finally, although a state-court declaratory-judgment action would typically be a better alternative, under the unique facts of this case (given the Related Case and the resolution of the underlying state court action), the Court finds this factor neutral. Balancing all these factors together, under the unique facts and procedural posture of this case, the Court finds that the factors weigh in favor of exercising the Court's jurisdiction.

The standard for summary judgment is well known. Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When determining a motion for summary judgment, a court must construe the evidence and draw all reasonable inferences from the underlying facts in favor of the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Lindsay v. Yates*, 578 F.3d 407, 414 (6th Cir. 2009). The court may not "weigh the evidence and determine the truth of the matter" at the summary judgment stage. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 265 (1986). The initial burden of establishing no genuine dispute of material fact rests with the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The Court "need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). Where "a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact," the Court may treat that fact as undisputed. Fed. R. Civ. P. 56(e). A fact is "material" if the underlying substantive law identifies the fact as critical. *Liberty Lobby*, 477 U.S. at 248. Thus, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* A "genuine" issue exists if "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 249.

### III. Discussion

"[T]he interpretation of insurance contracts in Kentucky is a matter of law for the court, and in the absence of factual disputes, may be determined on summary judgment." *Ohio Sec. Ins. Co. v. Rockford Auto., Inc.*, -- F. Supp. 3d --, 2020 WL 7647505, at *3 (W.D. Ky. 2020); *see also Westfield Ins. Co. v. Tech Dry, Inc.*, 336 F.3d 503, 507 (6th Cir. 2003). "To ascertain the

construction of an insurance contract, one begins with the text of the policy itself." *Scottsdale Ins. Co. v. Good Karma Holdings LLC*, -- F. Supp. 3d --, 2020 WL 6704584, at *4 (W.D. Ky. 2020) (quoting *Pryor v. Colony Ins.*, 414 S.W.3d 424, 430 (Ky. Ct. App. 2013)). The Court must compare the allegations in the complaint to the language of the policy to determine whether an insurer has an obligation to defend and indemnify its insured. *Westfield*, 336 F.3d at 507. "[W]hen the language of an insurance policy is ambiguous, the ambiguity must be construed in favor of the insured and benefits granted in accordance with the reasonable expectations of the parties." *U.S. Fid. & Guar. Co. v. Preston*, 26 S.W.3d 145, 147 (Ky. 2000). But when "the terms of an insurance policy are clear and unambiguous, the policy will be enforced as written." *Kemper Nat. Ins. Cos. v. Heaven Hill Distilleries, Inc.*, 82 S.W.3d 869, 873 (Ky. 2002). "Insurers must provide a defense in a suit if any of the allegations potentially, possibly, or might be covered." *Ohio Sec. Ins.*, 2020 WL 7647505, at *3. "Under Kentucky law, an insurer's duty to defend is broader than its duty to indemnify, and consequently, if there is no duty to defend, then there is no duty to indemnify." *Id.* (quoting *Auto Club Prop.-Cas. Ins. Co. v. Adler*, No. 1:14-CV-00046-JHM, 2015 WL 4934200, at *3 (W.D. Ky. Aug. 18, 2015)).

Foremost argues there are no genuine issues of material fact on the coverage issue because the unambiguous provisions of the motor vehicle exclusion to Chamberlain's Homeowners Policy preclude coverage for claims "arising out of" the use of motor vehicles, and Chamberlain's car crash was just that. [R. 30-1, p. 12] Foremost points to the clear provisions of the motor vehicle exclusion, which provide:

> Section II – EXCLUSIONS
>
>     A. "Motor Vehicle Liability"
>            1. Coverage E and F do not apply to any "motor vehicle liability" if, at the time and place of an "occurrence", the involved "motor vehicle":

> a. Is registered for use on public roads or property
> b. Is not registered for use on public roads or property, but such registration is required by a law, or regulation issued by a government agency, for it to be used at the place of the "occurrence", or . . .

[R. 1-4, p. 50] Further, "motor vehicle liability" is defined in the policy as:

> a. Liability for "bodily injury" or "property damage" arising out of the:
>    1) Ownership of such vehicle or craft by an "insured";
>    2) Maintenance, occupancy, operation, use, loading or unloading of such vehicle or craft by any person; [or other conditions]

*Id.* at 6. Foremost notes that Kentucky case law, and in particular *Hugenberg v. West American Insurance Co. / Ohio Casualty Group*, 249 S.W.3d 174 (Ky. Ct. App. 2006), construes the term "arising out of" expansively. [R. 30-1, pp. 7, 12] Foremost urges that the Policy expressly excludes coverage for each of Chang's causes of action because all such claims "arise out of" Chamberlain's use of a motor vehicle (and crash with Chang), and thus fall within the motor vehicle liability exclusion. *Id.* at 11.

Chang does not address *Hugenberg* or other decisions relating to the scope of the motor vehicle exclusion or the term "arising out of." Instead, he argues that the car crash was "merely incidental" to Chamberlain's underlying wrong in failing to obtain car insurance, which constituted negligence *per se*, and that the Court should invalidate the motor vehicle exclusion as against Kentucky's public policy for limiting how victims of uninsured drivers can seek remedies. [R. 31, pp. 7, 14]

*Hugenberg* controls the outcome of this case and compels summary judgment in favor of Foremost. In *Hugenberg*, an inebriated 15-year-old crashed his sister's boyfriend's car into a tree while taking his two teenage friends out drinking. 249 S.W.3d at 179. One of the passengers sustained serious injuries in the crash. *Id.* at 179–80. The passenger's parents sued the driver's

6

parents for negligent supervision. The insurer of the driver's parents filed a declaratory judgment action seeking a declaration that it had no duty to defend or indemnify based on the motor vehicle exclusion in their homeowners policy. *Id.* at 180. As in this case, the motor vehicle exclusion in *Hugenberg* provided that the policy's coverage provisions for personal liability to others "do not apply to 'bodily injury' . . . arising out of . . . the ownership, maintenance, use, loading or unloading of motor vehicles . . . owned or operated by or rented or loaned to an 'insured.'" *Id.* at 185. In interpreting the exclusion, *Hugenberg* held that "[b]ased on the plain meaning of this exclusion, coverage for any and all insureds would be denied where the claim was for bodily injury arising out of the use of a motor vehicle operated by any insured." *Id.* at 186. After finding the son was an "insured" under the policy, the *Hugenberg* Court reasoned that the only remaining question was whether the negligent supervision claim against the driver's parents was a claim for "'bodily injury' . . . arising out of . . . the ownership, maintenance, use, loading or unloading of motor vehicles . . . owned or operated by or rented or loaned to an 'insured.'" In answering that question, the court turned to the meaning of the phrase "arising out of" and concluded that courts should give the term an "expansive" reading, which encompasses anything with a "causal connection" to the actual accident. *Id.* at 186; *see also Kininmonth v. Ky. Farm Bureau Mut. Ins. Co.*, No. 2008-CA-002339-MR 2009, Ky. App. Unpub. LEXIS 987, at *4 (Ky. Ct. App. Nov. 20, 2009) (endorsing *Hugenberg*'s "causal connection" standard); *Burlington Ins. Co. v. Progressive N. Ins. Co.*, No. 07-cv-371-JBC, 2008 U.S. Dist. LEXIS 100264, at *10 (E.D. Ky. Dec. 11, 2008) (same).

The injured passenger's parents argued that the negligent supervision claim is not a claim arising out of the use of a motor vehicle because the negligent acts asserted do not necessarily involve a motor vehicle. *Hugenberg*, 249 S.W.3d at 185. The *Hugenberg* court rejected this

argument, reasoning that "no cause of action lies for negligence without a legally-cognizable injury," and the negligent supervision claim is "based on the bodily injury" the passenger suffered in the auto accident. *Id.* at 187. The court noted the clarity of the causal connection: "If not for [the driver] losing control of the car and injuring his passenger[], there could be no claim for negligent supervision against the [the driver's parents] because [the passenger] would have suffered no injury, an essential element of the tort." *Id.* Accordingly, the court held that "[b]ased on the plain meaning of the clear and unambiguous language of the policy, the claim for negligent supervision is a claim seeking coverage for bodily injury arising out of the use of a motor vehicle." *Id.*

   This case is analogous to *Hugenberg*, and the motor vehicle exclusion in Chamberlain's Policy precludes coverage of all Chang's claims. Like the policy in *Hugenberg*, Chamberlain's Policy excludes from coverage "liability for bodily injury or property damage arising out of . . . ownership, maintenance, occupancy, operation, use, loading, or unloading" of a motor vehicle. [R. 1-4, p. 6 (cleaned up); *Hugenberg*, 249 S.W.3d at 185] This phrase must be given its "broad, general and comprehensive [] meaning." *Hugenberg*, 249 S.W.3d at 186. And like the underlying suit in *Hugenberg*, the Underlying Claims against Chamberlain, grounded in negligence, have a "causal connection" to Chamberlain crashing her car into the vehicle driven by Chang. In other words, but for Chamberlain driving her car and crashing into Chang, injuring him, there would be no claims for negligence or negligence *per se* in Chang's original state court action. Similarly, Chang's Derivative Claims—the contract and tort claims he brought in the Related Case against Foremost as an alleged third party beneficiary under Chamberlain's Policy—are causally connected to Chamberlain's car crash. They are derivative of any rights Chamberlain had to coverage, and coverage for these claims necessarily rises (or in this instance, falls) with Chang's

8

claims against Chamberlain. That is, the contract and tort claims against Foremost (the Derivative Claims) likewise spring from the injuries Chang sustained because Chamberlain drove her car while intoxicated and crashed into him. Like the Underlying Claims, these claims have a clear "causal connection" to Chamberlain's use of a motor vehicle, and no coverage is afforded. *See Hugenberg*, 49 S.W.3d at 187.

Chang does not question the causal connection between Chamberlain's use of her car and his injury. Instead, Chang argues that Chamberlain's failure to buy auto insurance was both negligence *per se* and the proximate cause of Chang's injuries. [*See* R. 31, pp. 9, 12] But even accepting Chang's proposition, his argument still fails for the same reason the parents' argument in *Hugenberg* failed—that is, even repackaging the alleged negligence in a manner that distances the claim from the use of the motor vehicle, the repackaged claim nevertheless is "causally connected" to the automobile crash. "If not for [Chamberlain] losing control of the car and injuring [Chang], there could be no claim for [negligence or negligence *per se* in failing to procure auto insurance] against [Chamberlain] because [Chang] would have suffered no injury, an essential element of the tort." *Hugenberg*, 249 S.W.3d at 187. The whole reason Chamberlain's lack of automobile insurance affects Chang is that she crashed her car into Chang, injuring him. *Id.*

Chang's public policy argument is similarly without merit. Chang argues that insurance provisions that deny coverage when the insured does not maintain auto insurance should be void as against public policy because of Kentucky's system of mandatory auto insurance. [R. 31, p. 18] Chang, however, points the Court to no precedent that invalidates an otherwise clear and unambiguous motor vehicle liability exclusion in the name of mandatory auto insurance, and the Court cannot find any.

9

Because there is a "causal connection" between Chamberlain's operation of her car and Chang's injuries and claims, the claims "arose out of" Chamberlain's use of her car and thus triggered the Policy's motor vehicle liability exclusion. *Hugenberg*, 249 S.W.3d at 187. Based on the "plain meaning of the clear and unambiguous language" of Chamberlain's Policy, Chang's Underlying Claims and Derivative Claims are claims "seeking coverage for bodily injury arising out of the use of a motor vehicle." *Id.* Because the motor vehicle exclusion applies, no coverage is afforded under the Homeowners Policy. Accordingly, Foremost has no contractual duty to defend, indemnify, or otherwise satisfy judgments against Chamberlain. Because the Court will grant summary judgment on the motor vehicle liability exclusion ground, it will not address Foremost's other arguments.

Still, the Court will address Chang's allegations that Foremost is liable in tort for breach of the duty of good faith and negligent infliction of emotional distress. [R. 30-6, ¶¶ 41–54; R. 31, p. 8] Foremost argues that summary judgment should be granted on an alternative ground as well. Foremost cites to *Wittmer v. Jones*, 864 S.W.2d 885, 890 (Ky. 1993) for the proposition that an insurer cannot violate the duty of good faith if it has no obligation to the insured, and to *Heuser v. T.H.E. Insurance Group*, 3:18-CV-00776-RGJ, 2020 U.S. Dist. LEXIS 50808, at *8–9 (W.D. Ky. 2020) for the proposition that negligent infliction of emotional distress is not an independent cause of action. [R. 30-1, p. 18] Chang does not dispute this case law, but instead cites to *Indiana Insurance Co. v. Demetre*, 527 S.W.3d 12 (Ky. 2017) for the proposition that bad faith and negligent infliction of emotional distress can qualify as "bodily injury." [R. 31, p. 8]

The Court agrees with Foremost. Under Kentucky law, there can be no claim of bad faith when the insurer has no obligation under the policy to pay the insured's claim. *Wittmer*, 864

S.W.2d at 890 ("An insured must prove three elements in order to prevail against an insurance company for alleged refusal in bad faith to pay the insured's claim: (1) the insurer must be obligated to pay the claim under the terms of the policy . . . ." (quoting *Federal Kemper Ins. Co. v. Hornback*, 711 S.W.2d 844, 846–47 (Ky. 1986) (Leibson, J., dissenting))). And negligent infliction of emotional distress appears to be a type of remedy (like punitive damages) rather than an independent cause of action. *Heuser*, 2020 U.S. Dist. LEXIS 50808, *8 ("Heuser cites no authority in support of Kentucky recognizing a separate cause of action of for negligent infliction of emotional distress stemming from a bad-faith settlement claim against an insurance company. Instead, it appears to be a type of remedy available to a litigant who establishes the existence of bad-faith settlement practices.") *Demetre,* cited by Chang, likewise reflects this distinction (and concerns a suit where the underlying claim against the insurer was valid), and is thus factually inapposite. 527 S.W.3d at 25, 33. Since Foremost has no underlying contractual obligation to Chamberlain (or Chang for that matter) under the Policy, Chang's tort claims fail.

The motor vehicle exclusion in Chamberlain's Homeowners Policy precludes liability coverage under the Policy for all claims asserted by Chang. Absent coverage, the Court concludes as a matter of law that Foremost has no duty to defend or indemnify Chamberlain and no duty to contribute to any settlement between Chang and Chamberlain or any judgment in favor of Chang. For these reasons, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. Plaintiff Foremost Insurance Company Grand Rapids, Michigan's Motion for Summary Judgment [**R. 30**] is **GRANTED**.
2. All claims by Chang in the Related Case, *Chang v. Foremost Insurance Co.*, No. 3:19-cv-218-CHB, are **DISMISSED WITH PREJUDICE.**

   3. A separate Judgment will be entered consistent with this Order.

   This the 19th day of March, 2021.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY